LOGAN'S ADMINISTRATORS, Appellants, *vs.* LOGAN'S EXECU-TORS, Respondents.

1. Under a marriage contract which reserved to the wife the ownership of her personal property, free from liability for the debts of her husband, with power to dispose of the same by will or otherwise, during the marriage, it *was held* that the wife retained an absolute estate.

### *Appeal from Perry Circuit Court.*

This was an action to recover possession of certain slaves, which the plaintiffs claimed as administrators of John Logan, and the defendants, as executors of Rosannah W. Logan. The petition stated that John Logan became the owner of the slaves by virtue of his intermarriage with the said Rosannah W., subject to the provisions of a marriage contract annexed to the petition, by which the said Rosannah was entitled to a life estate in the slaves, with power to dispose of the same during the marriage, by will or otherwise. This marriage contract is set out at large in the report of the case of *Logan* v. *Phillips*, 18 Mo. Rep. 22. It was alleged that the said Rosannah W. did not dispose of the slaves during the marriage, by will or otherwise, and that the plaintiffs, as the personal representatives of John Logan, who was then dead, became entitled to the possession on the 1st of March, 1853. A demand was alleged. A demurrer to this petition was sustained, and the plaintiffs appealed.

*M. Frissell*, for appellants. The marital rights of John Logan attached to the slaves sued for, subject only to the right of the wife to dispose of the same, by will or otherwise, during

the existence of the marriage. 12 Mo. Rep. 5. The case of *Logan* v. *Phillips*, 18 Mo. Rep. merely decides that the marriage contract barred Mrs. Logan's dower, but the quantity of interest she held in the slaves was not passed upon.

*J. W. Noell*, for respondents. In the case of *Logan* v. *Phillips*, 18 Mo. Rep., this court decided that the marriage contract vested the absolute property in the slaves in Mrs. Logan, and considered in that light, was a competent provision in equity to bar her dower.

Scott, Judge, delivered the opinion of the court.

This was an action under the present practice act to recover possession of personal property. There was a demurrer to the petition, which was sustained by the court below.

1. The demurrer was rightly sustained. From the terms of the agreement, we are persuaded it was designed to secure to the parties respectively their own property absolutely. This is the declared intent, expressed in the beginning of the contract, as a right of general disposition, unlimited in duration, carries with it a general right of property. The limitation of the power of disposition afterwards, to the time during the marriage, was properly conceived in the idea, that such a power could only exist by contract during coverture, as after the dissolution of the marriage, the power would exist independently of any contract. Also, it should not be overlooked that the contract exempts the wife's property from the disposal or payment of the debts of the husband absolutely. The power of disposition of the husband during the marriage, had been taken away by the clause giving the right to the wife. The subsequent restriction, therefore, was designed to be absolute and should be so construed. This case is different from that of *Ruby* v. *Barnet*, 12 Mo. Rep., in the circumstance that, in the case referred to, there was an express estate for life given to the wife. Here, it is conceived that there was a general property in her. This case turns purely on the construction of the agreement.

The other judges concurring, the judgment will be affirmed.